**Kathleen NUCCIO, Plaintiff–Appellant,**

v.

**Luke NUCCIO, Defendant–Appellee.**

No. 94–2184.

United States Court of Appeals, First Circuit.

Heard Feb. 28, 1995.

Decided June 27, 1996.

* Of the Eighth Circuit, sitting by designation.

Toby H. Hollander, Lewiston, ME, with whom Law Offices of Toby H. Hollander was on brief, for appellant.

David P. Very, Portland, ME, with whom Peter J. DeTroy, III, and Norman, Hanson & DeTroy were on brief, for appellee.

Before BOUDIN, Circuit Judge, JOHN R. GIBSON,* Senior Circuit Judge, and STAHL, Circuit Judge.

PER CURIAM.

In our opinion of August 9, 1995, we certified to the Supreme Judicial Court of Maine pursuant to Maine Revised Statute, 4 M.R.S.A. § 57 (1989), the question of whether the facts in this case provide a basis to apply equitable estoppel so as to toll the statute of limitations during the period of plaintiff's repressed memory. We retained jurisdiction of this appeal pending determination of the issues.

We certified this question:

Does a showing that a plaintiff, who was the victim of childhood sexual abuse, suffered repressed memory as a result of a defendant's threats of violence and generally violent nature, her witnessing acts of violence by the defendant, and her fear of the defendant, provide a basis for the application of equitable estoppel so as effectively to toll the statute of limitations during the period that the plaintiff's memories remain repressed?

The opinion of the Supreme Judicial Court of Maine of April 8, 1996, has answered this question in the negative, stating that if Kathleen suffered repressed memory as a result of the previously imposed violent conduct, as she claims, this does not at this time equitably estop Luke from invoking the statute of limitations.

Accordingly, we *affirm* the order granting summary judgment in favor of Luke Nuccio on the basis that the Maine statute of limitations barred Kathleen Nuccio's suit.